IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIANGSU BEIER DECORATION MATERIALS CO., LTD., | : : | |
| Petitioner, | : | CIVIL ACTION |
| | : | No. 21-2845 |
| v. | : | |
| | : | |
| ANGLE WORLD LLC, | : | |
| Respondent. | : | |

**October 28, 2021**                                                                                       **Anita B. Brody, J.**

### MEMORANDUM

Petitioner Jiangsu Beier Decoration Materials Co., Ltd. ("JBDM") brings this Petition to Confirm Arbitration Award. Respondent Angle World LLC filed a Motion to Dismiss the petition for lack of jurisdiction. JBDM and Angle World argued the Motion to Dismiss on October 13, 2021 at their Rule 16 conference. Angle World's Motion to Dismiss is granted, and the Petition is dismissed.

### I. Background

Petitioner JBDM is a Chinese company with its principal place of business in Changzhou City, Jiangsu Province, China. *See* ECF No. 1. Respondent Angle World is a Pennsylvania limited liability company with its principal place of business in Langhorne, Pennsylvania. *Id*. On May 17, 2019, JBDM commenced an arbitration before the China International Economic and Arbitration Commission ("CIETAC"), to resolve a dispute over an unpaid amount allegedly owed to JBDM by Angle World. *Id*. Angle World objected to CIETAC's jurisdiction and argued that there was no valid arbitration agreement. *Id.* Both CIETAC and the Beijing Fourth Middle Court upheld CIETAC's jurisdiction and found the arbitration agreement was valid. *Id.* The

1

arbitration tribunal ordered Angle World to pay JBDM within 30 days of the granting of the award. *Id*. Angle World has not paid the award. *Id*. On June 25, 2021, JBDM filed in this court for confirmation of the award.

## II.     Discussion

Federal enforcement of arbitration agreements litigated in a foreign forum is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("The Convention"), which is incorporated into the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 207. The FAA requires a court to confirm the foreign arbitration award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *Id.* Before determining the applicability of one of the grounds for refusal or deferral, "the district court [has] an obligation to determine independently the existence of an agreement to arbitrate even though an arbitration panel in a foreign state already had rendered an award." *China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp.*, 334 F.3d 274, 284 (3d Cir. 2003). Without a valid arbitration agreement, the Convention does not allow enforcement by our courts. *Id.* at 286 ("We therefore hold that a district court should refuse to enforce an arbitration award under the Convention where the parties did not reach a valid agreement to arbitrate . . . .").

An enforceable arbitration agreement under the Convention must be in writing, either in the form of "an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams."[1] Therefore, JBDM must prove the existence of a written agreement to arbitrate that is either signed by both parties or contained in an exchange of letters. *See Standard Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 449 (3d Cir. 2003)

---

[1] United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, art. II ¶ 1-2, June 10, 1958, 21.3 U.S.T. 2517.

(finding that under the Convention, "an arbitration clause is enforceable only if it was contained in a signed writing or an exchange of letters").

To satisfy the Convention's "agreement in writing" requirement, JBDM points to a Memorandum of Understanding from July 10, 2018 ("MOU"). *See* ECF No. 1. The MOU does contain a clause on arbitration, but it is not signed by Angle World. *See* ECF No. 1-2 at 4-5. JBDM does not have any other agreement in writing that is signed by both parties, as required by the Convention.

Even without a signed arbitration agreement or clause, the award is still enforceable if JBDM can show an agreement to arbitrate in an exchange of letters. *See Standard Bent Glass Corp.*, 333 F.3d at 449. JBDM argues that the MOU was negotiated "in an exchange of correspondence and during face-to-face meetings in China," and that Angle World's agreement to the MOU is shown by the combination of their correspondence and their conduct. *See* ECF No. 19 at 1-2, 13. But JBDM has not produced any exchange of letters showing Angle World's agreement to arbitrate, as required by the plain language of the Convention, nor have they shown any law to suggest that conduct or face-to-face meetings are relevant to validity under the Convention.[2]

JBDM argues finally that this court should defer to the findings of the CIETAC arbitration tribunal and the Chinese court. But the arbitration tribunal and Chinese court were following Chinese law and United Nations Convention on the International Sale of Goods ("CISG"). *See* ECF No. 1-1 at 12-13. Whether the agreement is valid under Chinese law and

---

[2] The arbitration tribunal's factual findings are not in conflict with this holding. The tribunal found that the MOU was not signed by Angle World. *See* ECF No. 1-1 at 15-16. The tribunal found also that in response to the MOU, Angle World's representative stated that the MOU "was not prepared according to our negotiations." *Id.* The tribunal did not point to any other exchange of letters that would show Angle World agreed to arbitrate.

CISG is a different question from the one before the court today: whether the agreement is valid under the Convention. The court has a duty to answer this question independently "even though an arbitration panel in a foreign state already had rendered an award." *China Minmetals*, 334 F.3d at 284.    Absent an agreement to arbitrate that is either signed by both parties or shown in an exchange of letters, a foreign arbitration award should not be enforced under the Convention. *China Minmetals*, 334 F.3d at 284. Respondent Angle World's Motion to Dismiss is therefore granted, and the Petition to Confirm Arbitration Award is dismissed.